UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-24565-CIV-ALTONAGA/SIMONTON

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

  Plaintiff,
vs.

VERONICA BALDASSINI, GABRIEL
BALDASSINI, SOL BALDASSINI, and
SANTIAGO FIALLO,

  Defendants.
_____/

**ORDER GRANTING, IN PART AND DENYING, IN PART
PLAINTIFF'S MOTION FOR REHEARING, RECONSIDERATION
AND CLARIFICATION OF ORDER GRANTING BY DEFAULT
DEFENDANTS' MOTION TO COMPEL PRODUCTION
OF DOCUMENTS WITHHELD BY PLAINTIFF**

  This matter arose upon the Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Rehearing, Reconsideration, and Clarification (DE # 34). The Motion is fully briefed (DE ## 38, 40). The Honorable Cecilia M. Altonaga, United States District Judge, has referred all discovery motions to the undersigned United States Magistrate Judge (DE # 16).

  This matter was initiated when Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed an action seeking a declaratory judgment as to whether the automobile insurance policy issued to the Defendants, Veronica and Gabriel Baldassini, by the Plaintiff provided coverage for injuries arising from a golf cart accident involving the insureds' daughter (DE # 1). State Farm contends in the Complaint that coverage does not extend to the golf cart because it is not a car as defined in the Policy.

  In their Answer and Affirmative Defenses, the Defendants contended, among other things, that the Policy provided coverage for the accident because the policy covered

motor vehicles (DE # 11).  The Defendants also filed a counterclaim against the Plaintiff for breach of the insurance contract (DE # 11).

On April 26, 2012, the Defendants filed a Motion to Compel Production of Documents Withheld by Plaintiff.  On May 9, 2012, after the Plaintiff failed to file an expedited response to the Defendants' Motion to Compel as required by the Court's Order Setting Trial and Pre-Trial Schedule, the Court issued an Order granting the Defendants' Motion to Compel by default (DE # 33).  In that Order, the Court directed the Plaintiff to produce on or before, Friday, June 1, 2012, documents created prior to September 22, 2010, that were designated as work-product protected documents in response to the Defendants' First Request for Production served on February 20, 2012, to the extent that those documents were not created in anticipation of litigation.  In addition, the Order directed the Plaintiff to produce documents responsive to Defendants' First Requests for Production Nos. 3, 6, 8 and 9, as described in the Motion to Compel (DE # 33).

The Plaintiff has now filed the instant Motion pursuant to Fed. R. Civ. P. 59 seeking to have the Court vacate, reconsider or clarify its May 9, 2012 Order (DE # 33).  In support of its Motion, the Plaintiff asserts that the Court's May 9, 2012 Order requires the Plaintiff to produce work product protected and attorney client privileged documents despite the fact that the Plaintiff raised timely objections and provided a timely privilege log in response to the Defendants' Request for Production.  The Plaintiff contends that the required production is, in essence, a sanction that would cause irreparable harm and substantial injury to the Plaintiff and thus would result in manifest injustice.  The Plaintiff further states that its failure to comply with the District Court's expedited briefing schedule was due to an oversight and that the Plaintiff was prepared to timely respond to the Defendants' Motion to Compel within the typical time frame set forth in Federal Rule of Civil Procedure 6.  In the alternative to the Court reconsidering its Order, the Plaintiff

2

requests clarification of the Court's May 9, 2012 Order as to whether the Plaintiff is required to produce documents that were created in anticipation of litigation and/or to produce documents that the Plaintiff contends are protected by the attorney client privilege.

Federal Rule of Civil Procedure 59(e) provides that a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted).  A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. (citation omitted).  Courts have identified three grounds for reconsideration of an order: (1) the availability of new evidence; (2) an intervening change in controlling law; and (3) the need to correct clear error or prevent manifest injustice.[1] *Id.* "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998) (citation omitted).

In the Motion for Reconsideration, the Plaintiff only cites to the manifest injustice ground as a basis for the relief it seeks.  Specifically, the Plaintiff contends that Court's May 9, 2012 Order will result in manifest injustice if the Plaintiff is required to produce privilege-protected documents.  Thus, as stated above, in the alternative to reconsidering the May 9, 2012 Order, the Plaintiff requests that the Court clarify whether, pursuant to that Order, the Plaintiff must produce all responsive documents that were created prior

---

[1] The undersigned notes that in the somewhat recent 11th Circuit unpublished opinion *Harris v. Corrections Corp. of America*, 433 Fed. App. 824, *825 (11th Cir. 2011), the Court stated that the only grounds for granting a Rule 59 motion are newly-discovery evidence or manifest errors of law or fact.  However, that opinion is unpublished and the resolution of the Plaintiff's Motion remains the same even if analyzed under the factors set forth in *Harris*.

to September 22, 2010, even if those documents are protected by the attorney client privilege or were created in anticipation of litigation and thus protected by the work product doctrine.

In response to the Plaintiff's request for clarification, the undersigned notes that the Plaintiff misreads this Court's May 9, 2012 Order by assuming that it requires the production of documents that were either prepared in anticipation of litigation and/or are protected by the attorney client privilege. The Order at issue did not require the production of documents that fell into either of those categories. In fact, the Defendants' Motion to Compel which was granted by that Order did not seek the production of attorney client privileged documents, but rather only sought the production of documents that were prepared prior to September 22, 2010, the date that coverage was denied for the accident. The Defendants asserted in their Motion that the documents prepared before the September 22, 2010 date were presumptively not prepared in anticipation of litigation and thus were discoverable. The undersigned's Order, however, did not reach that issue and instead only ordered the production of documents that the Plaintiff designated as work-product documents to the extent that those documents were not created in anticipation of litigation. The Order did not address and did not require the production of documents that the Plaintiff had designated attorney client privileged documents, even if those documents were created before September 22, 2010.

It is for this reason that the Order's requirement that the Plaintiff produce responsive documents created prior to September 22, 2012, that had been designated work product documents but were not created in anticipation of litigation, does not result in manifest injustice to the Plaintiff. The Order does not require the Plaintiff to produce documents that were created in anticipation of litigation. As such, the Plaintiff has failed to provide sufficient grounds under Rule 59(e) for this Court to vacate its May 9, 2012 Order. In addition, to the extent that the Plaintiff challenges the production of documents

4

responsive to the Defendants' Requests for Production Nos. 3, 6, 8 and 9, the Plaintiff has failed to demonstrate that legal arguments regarding those requests could not or should not have been made before the judgment by default was entered. Therefore, to the extent that the Plaintiff requests that the Court vacate the May 9, 2012 Order, the Motion will be denied. However, the alternative relief sought in the Motion regarding the clarification of the scope of the Court's Order is granted and clarified as set forth above in this Order. If, after the production of the additional documents and a modified privilege log the parties continue to dispute a claim of privilege as to any documents, this dispute may be set for a hearing on the discovery calendar of the undersigned Magistrate Judge.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Rehearing, Reconsideration, and Clarification (DE # 34). is **GRANTED,** in part, and **DENIED**, in part. To the extent that the Plaintiff request that the Court's May 9, 2012 Order be vacated, that request is Denied and the Order (DE # 30) remains as issued, except for permitting the Plaintiff to produce the responsive documents as set forth in the Court's May 9, 2012 Order, on or before June 15, 2012. To the extent that the Motion seeks clarification of the Court's May 9, 2012 Order, the Motion is Granted, and the undersigned has, as set forth above, clarified the Order.

**DONE AND ORDERED** in chambers in Miami, Florida, on June 7, 2012.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
**The Honorable Cecilia M. Altonaga,**
    **United States District Judge**
**All counsel of record**

5